UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

UNITED SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

v.

FAST FREIGHT FORWARDING, INC.;
ELSADIG ARABI; and BARBARA SWEENEY,
ADMINISTRATRIX OF THE ESTATE OF
MICHAEL E. SWEENEY, DECEASED

        Defendants.

CAUSE NO. 1:21-cv-244

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, United Specialty Insurance Company, by counsel, for its Complaint for Declaratory Judgment against Defendants, Fast Freight Forwarding, Inc.; Elsadig Arabi; and Barbara Sweeney, Administratrix of the Estate of Michael E. Sweeney, deceased, states:

### I.  INTRODUCTION OF PARTIES

1. This is an action for declaratory judgment, under 28 U.S.C. § 2201, to determine the rights and duties of the parties under an insurance contract.

2. United Specialty Insurance Company ("United Specialty") is a Delaware corporation with its principal place of business in Texas. United Specialty is not a mutual insurance company. United Specialty is therefore a citizen of the States of Delaware and Texas for the purpose of diversity jurisdiction.

3. Defendant Fast Freight Forwarding, Inc. ("Fast Freight") is an Indiana corporation, with its principal place of business in Fort Wayne, Indiana. Fast Freight is therefore a citizen of the State of Indiana for purposes of diversity jurisdiction.

1

4. Defendant Elsadig Arabi ("Arabi") is an individual who maintains a permanent residence in Fort Wayne, Allen County, State of Indiana, and is domiciled in the State of Indiana. Arabi is therefore a resident of the State of Indiana for purposes of diversity jurisdiction.

5. Defendant Barbara Sweeney, is the duly appointed Administratrix of the Estate of Michael E. Sweeney, Deceased (the "Estate"). Barbara Sweeney is an individual who maintains a permanent residence in Elyria, Lorain County, State of Ohio, and is domiciled in the State of Ohio. Barbara Sweeney is therefore a citizen of the State of Ohio for the purposes of diversity jurisdiction.

## II.     JURISDICTION

6. Under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this case because there is diversity amongst the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    VENUE

7. Under 28 U.S.C. § 1391(b)(3), venue is proper in this Court because both Fast Freight and Arabi are citizens of Indiana and are thus subject to this Court's personal jurisdiction in this action.

## IV.    FACTUAL ALLEGATIONS

A. The Underlying Suit

8. On May 14, 2021, Barbara Sweeney filed a wrongful death lawsuit on behalf of the Estate against Fast Freight, Arabi, Cincinnati Insurance Company, and John/Jane Does 1-10 in the Court of Common Pleas Lorain County, Ohio, under the case number 21CV203469 (the "Underlying Suit"). A copy of the Complaint filed in the Underlying Suit is attached and incorporated herewith as **Exhibit 1**.

9. In the Complaint, the underlying plaintiff alleges that on or about November 8, 2020, at about 6:10 p.m., the decedent, Michael E. Sweeney ("Sweeney"), was involved in a motor vehicle accident when Sweeney's vehicle struck the rear of the 2007 Volvo semi-truck being operated by Arabi. (Ex. 1, ¶ 2).

10. The Estate alleges that Sweeney eventually died due to the injuries he suffered in the collision. (Ex. 1, ¶ 6).

11. In the Underlying Suit, the Estate asserts causes of action against Fast Freight and Arabi for negligence and wrongful death.

12. The Estate seeks damages for (i) Sweeney's pain and suffering and the emotional distress caused by the injuries that resulted in his death; (ii) funeral and burial expenses incurred; (iii) loss of love and support; (iv) attorneys' fees; and (v) punitive damages.

13. Fast Freight reported the accident to United Specialty on March 5, 2021, and Arabi advised United Specialty he had not reported the accident sooner because the 2007 Volvo semi-truck he was driving at the time of the accident had not previously been reported to United Specialty for coverage.

**B. The United Specialty Policy**

14. United Specialty issued a commercial transportation policy to Fast Freight Forwarding, Inc. for the period October 30, 2020, to October 30, 2021 (the "Policy"). A copy of that Policy is attached and incorporated herewith as **Exhibit 2**.

15. The Policy provides Motor Carrier Coverage, which includes liability coverage for "bodily injury" caused by an "accident" resulting from the "ownership, maintenance or use of a 'covered auto.'" (Ex. 2, p. 23).

16. The Policy defines a "covered auto" as "specifically described autos," which includes only those autos listed in the declaration of the Policy. (Ex. 2, pp. 5, 22).

17. The Policy's declarations do not include the 2007 Volvo semi-truck driven by Arabi during the accident that is the subject of the Underlying Suit. (Ex. 2, p. 12).

18. The Policy does allow for newly acquired vehicles to be covered. (Ex. 2, p. 38).

19. To insure newly acquired vehicles, the Policy requires:

**B. OWNED AUTOS YOU ACQUIRE AFTER THE POLICY BEGINS**

ITEM 2. Is replaced by the following:

2. But if Symbol 67 is entered next to a coverage in ITEM TWO of the Declarations, an "Auto" you acquire will be a covered "Auto" for that coverage only if:

a. You have reported the auto to us.

(Ex. 2, p.38).

20. The Policy also contains a Form MCS-90 endorsement, which is subject to a $750,000 per accident limit of liability.

(Ex. 2, pp. 57-59).

21. The purpose of the MCS-90 is to "assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA)." (*Id.*).

22. The Form MCS-90 endorsement further provides:

the insurer (the company) agrees to pay, within the limits of liability described herein, *any final judgment* recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on

4

any route or in any territory authorized to be served by the insured or elsewhere…The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement. (emphasis added)

(*Id*.).

C. **Coverage Correspondence**

23. By letter dated May 25, 2021, before being notified that the Underlying Suit was filed, United Specialty advised the insured that there is no coverage for either Fast Freight or Arabi under the Policy for any damages as a result of the accident, because the 2007 Volvo semi-truck driven by Arabi at the time of the accident was not a "covered auto" as defined by the Policy and applicable law. A true and correct copy of the May 25, 2021, letter is attached hereto and incorporated by reference herein as **Exhibit 3**.

24. The letter further advised Arabi that the Form MCS-90 endorsement would only obligate United Specialty to pay for a final judgment against Fast Freight, and that Fast Freight would be required to reimburse United Specialty for any amount paid under the endorsement. (Ex. 3).

25. On or about May 27, 2021, United Specialty was notified that the Underlying Suit had been filed and served on Arabi.

26. By letter dated June 9, 2021, United Specialty reiterated its denial of insurance coverage, as set forth in its letter dated May 25, 2021, but agreed to extend a courtesy defense to Arabi, subject to the filing of this declaratory judgment action. A true and correct copy of the June 9, 2021, letter is attached hereto and incorporated by reference herein as **Exhibit 4**.

V. **COUNT I: DECLARATORY JUDGMENT AS TO COVERAGE**

5

27. United Specialty repeats and incorporates by reference herein the allegations in paragraphs 1 through 26.

28. The Estate seeks damages from Fast Freight and Arabi in the Underlying Suit arising out of Arabi's allegedly negligent operation of the 2007 Volvo semi-truck.

29. The semi-truck Arabi was driving at the time of the accident was not listed on the declarations page and Fast Freight had not reported the vehicle as a new auto to United Specialty as the Policy requires.

30. The semi-truck involved in the accident is not a "covered auto" under the Policy.

31. Because the semi-truck Arabi was operating is not a "covered auto" under the Policy, there is no coverage for Fast Freight or Arabi under the Policy for the Underlying Suit.

32. United Specialty therefore has no duty to defend or otherwise provide coverage on behalf of Fast Freight or Arabi in the Underlying Suit.

33. United Specialty is entitled to declaratory judgment that it has no duty to defend or provide insurance coverage to Fast Freight and Arabi in the Underlying Suit.

**VI.     COUNT II: DECLARATORY JUDGMENT AS TO UNITED'S OBLIGATIONS UNDER THE FORM MCS-90**

34. United Specialty repeats and incorporates by reference herein the allegations in paragraphs 1 through 33.

35. The Form MCS-90 only obligates United Specialty to indemnify Fast Freight for up to $750,000 after a "final judgment" in the Underlying Suit.

36. Under the Form MCS-90, United Specialty is only obligated to pay a final judgment on behalf of Fast Freight, because only the named insured is covered by the Form MCS-90.

37. The Form MCS-90 also requires the insured, Fast Freight, to reimburse United Specialty for any payments made for a final judgment.

38. The Form MCS-90 does not act as insurance coverage for any party, and thus United Specialty is not obligated to defend or settle any of the claims against any of the defendants in the Underlying Suit.

39. Consistent with the terms and conditions of the Policy and applicable law, United Specialty's duties under the Form MCS-90 are not triggered until entry of a final judgment against Fast Freight.

WHEREFORE, Plaintiff United Specialty Insurance Company hereby requests that this Court enter declaratory judgement declaring that:

1. The 2007 Volvo semi-truck is not a "covered auto," and thus there is no coverage under the Policy for the Underlying suit; and

2. United Specialty has no duty to defend Fast Freight or Arabi in the Underlying Suit; and

3. United Specialty has no duty to pay any settlement on behalf of Fast Freight or Arabi in the Underlying Suit; and

4. United Specialty's duties under the Form MCS-90 are limited to payment of a final judgment entered against Fast Freight only, up to the limits identified in the Form MCS-90, and Fast Freight is obligated to reimburse United Specialty for any payment made by United Specialty in connection with the Underlying Suit; and

5. That United Specialty owes no duty to indemnify Arabi for any settlement or final judgment he is liable to pay as he is not the named insured on the Policy's Form MCS-90 endorsement; and

6. That Defendant Barbara Sweeney, Administratrix of the Estate of Michael E. Sweeney, deceased, is equally bound by this judgment; and

7. For all other proper or appropriate relief.

LEWIS WAGNER, LLP

By /s/ Meghan E. Ruesch
MEGHAN E. RUESCH, #32473-49
EDMUND L. ABEL, #36293-49
LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Phone: (317) 237-0500
FAX: (317) 630-2790
mruesch@lewiswagner.com
eabel@lewiswagner.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Comes now Plaintiff, United Specialty Insurance Company, by counsel, pursuant to Federal Rule of Civil Procedure R. 38(b), and respectfully demands that the above matter be tried by jury.

/s/ Meghan E. Ruesch
MEGHAN E. RUESCH, #32473-49
EDMUND L. ABEL, #36293-49
LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Phone: (317) 237-0500
FAX: (317) 630-2790
mruesch@lewiswagner.com
eabel@lewiswagner.com
*Attorneys for Plaintiff*