UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff/Intervenor Defendant, | ) ) |
| v. | ) ) Cause No. 1:21-cv-00244-HAB-SLC ) |
| BARBARA SWEENEY, *Administratrix* of the estate of Michael E. Sweeney, Deceased, | ) ) ) ) |
| Intervenor Plaintiff, | ) ) |
| v. | ) ) |
| FAST FREIGHT FORWARDING INC., *et al.*, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Due to their repeated disregard for this Court's Orders and failure to defend by Defendants Elsadig Arabi and Fast Freight Forwarding, Inc. ("Fast Freight"), the undersigned Magistrate Judge *sua sponte* recommends that default judgment be entered against these Defendants as a sanction under Federal Rule of Civil Procedure 16(f)(1) and the Court's inherent authority to achieve the orderly and expeditious disposition of this case. This Report and Recommendation is based on the following facts and principles of law.

### *A. Factual and Procedural Background*

On June 23, 2021, Plaintiff filed this case against Defendants Fast Freight and its principal, Arabi, as well as Barbara Sweeney, Administratrix of the Estate of Michael E. Sweeney, Deceased ("Sweeney"), seeking a declaratory judgment to determine the rights and

duties of the parties under an insurance contract. (ECF 1). On August 11, 2021, Arabi and Fast Freight, by counsel, filed an answer to Plaintiff's complaint. (ECF 9-11). On March 23, 2022, Plaintiff filed, with the Court's leave, an amended complaint dismissing Defendant Sweeney, who was never served with the summons and complaint. (ECF 12-15; *see* ECF 26 at 1). Arabi and Fast Freight, by counsel, filed an answer to the amended complaint on April 11, 2022. (ECF 19).

On April 24, 2022, counsel to Arabi and Fast Freight filed a motion to withdraw due to nonpayment of fees. (ECF 22). After a hearing, the Court granted the motion to withdraw and stayed the matter to allow time for Arabi and Fast Freight to obtain new counsel, setting a status conference for June 13, 2022, at 10:00am. (ECF 25). On June 10, 2022, Sweeney filed a motion to intervene, seeking to preserve the estate's eventual rights to insurance proceeds from the policy at issue in the case. (ECF 26).

At the June 13, 2022, telephonic status conference, Plaintiff and Sweeney appeared by counsel, but Arabi and Fast Freight failed to appear. (ECF 27). Counsel reported that Arabi was presently incarcerated at the Sandusky County Jail in Ohio with a release date in November 2022. (*Id.*). The Court continued the stay of the case and set a status conference for July 13, 2022, at 10:00am. (*Id.*). A copy of the docket entry was mailed to Arabi at the Sandusky County Jail. (*Id.*).

At the July 13, 2022, telephonic status conference, Arabi appeared *pro se* and Plaintiff and Sweeney appeared by counsel. (ECF 28). Arabi advised that he was still seeking new counsel. (*Id.*). The Court deemed Arabi to be proceeding *pro se* and lifted the stay of the case. (*Id.*). The next day, July 14, 2022, the Court issued a Notice and Order to Fast Freight (and Arabi as its principal), informing that while Arabi can proceed *pro se* in this case, Fast Freight, a corporation, cannot. (ECF 29). The Notice and Order afforded Fast Freight to and including

2

August 12, 2022, to cause an attorney to file on appearance on its behalf, warning Fast Freight that if it failed to do so, it was subject to an entry of default judgment against it. (*Id.* at 2). Fast Freight nevertheless failed to cause an attorney to appear on its behalf by the deadline.

On September 19, 2022, the Court conducted a telephonic hearing at which Arabi appeared *pro se* and Plaintiff and Sweeney appeared by counsel. (ECF 35). The Court again cautioned Arabi, as Fast Freight's principal, that Fast Freight cannot proceed *pro se* in this action and is subject to an entry of a default judgement for failure to secure counsel. (*Id.*). Arabi advised that he could not retain counsel until his release from jail on November 2, 2022. (*Id.*).

On November 17, 2022, the Court set another telephonic status conference for December 5, 2022, at 2:00pm. (ECF 37). A copy of the docket entry was mailed to Arabi at his address of record, though it was later returned as undeliverable. (*Id.*; ECF 43). At the December 5, 2022, telephonic status conference, Plaintiff and Sweeney appeared by counsel, but Arabi failed to appear. (ECF 41). Arabi had been released from jail but did not provide the Court with an updated address or telephone number. (*Id.*). Counsel advised that they had had no recent contact with Arabi. (*Id.*).

The Court set a show-cause hearing and status conference for January 18, 2023, at 10:30am, ordering Arabi to appear in person. (*Id.*). A copy of the docket entry was mailed to Arabi at his address of record. (*Id.*). The Court also issued a Notice and Order to Arabi at his address of record on December 6, 2022, advising him that if he failed to timely appear in person at the January 18, 2023, hearing, "additional sanctions may issue, up to and including monetary fines or the entry of a default judgment against him." (ECF 42). The mailing to Arabi, however, was later returned to the Court as undeliverable. (ECF 46).

On December 16, 2022, Sweeney, by counsel, filed a motion for a judicial settlement conference with herself and Plaintiff, stating that Arabi is not a necessary party for the settlement

3

conference because he had previously consented to her and Plaintiff participating in a settlement conference without him. (ECF 44). The Court set a hearing on the motion for January 18, 2023, at 10:30am, ordering Arabi to appear in person. (ECF 47). A copy of the docket entry was mailed to Arabi at his address of record. (*Id.*). This mailing was also subsequently returned to the Court as undeliverable. (ECF 49). At the January 18, 2023, hearing, Plaintiff and Sweeney appeared by counsel, but Arabi again failed to appear. (ECF 50).

On February 24, 2023, the Court set a judicial settlement conference for March 6, 2023, ordering all parties to attend. (ECF 55). A copy of the docket entry was mailed to Arabi at his address of record. (*Id.*). However, on March 3, 3023, Plaintiff and Sweeney filed a notice of settlement, reporting that the parties had settled the matter and that the upcoming judicial settlement conference could be vacated. (ECF 56). Later that same day, the Court converted the judicial settlement conference to a telephonic status conference, ordering all parties to appear. (ECF 57). A copy of the docket entry was mailed to Arabi at his address of record. (*Id.*). Arabi, however, failed to appear at the March 6, 2023, conference. (ECF 58).

Due to some technical difficulties during the March 6, 2023, conference, the Court reset the telephonic status conference for March 10, 2023, ordering Arabi and counsel to appear. (ECF 58). A copy of the docket entry was mailed to Arabi at his address of record. (*Id.*). Arabi again failed to appear. (ECF 59). At the conference, counsel reported that Plaintiff and Sweeney had reached an informal settlement of the case, but that Arabi did not participate in the settlement discussions or sign any documents and that counsel was unable to reach him. (*Id.*).

### ***B. Legal Standard***

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling

4

or other pretrial order." Specifically, Rule 37(b)(2)(A) authorizes the Court to render a dismissal or default judgment against the disobedient party as a sanction. The "ultimate sanction" of dismissal or default judgment "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted); *see also Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014).

Further, district courts have the authority to dismiss actions or enter default judgments as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted); *see Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 779 (7th Cir. 2016) ("[T]he court's inherent power to sanction misconduct is . . . symmetrical" to the dismissal of an action or the entry of a default judgment against the offending party.). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case [or entering a default judgment] *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted); *see Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) ("These powers, which are essential to a court's ability to preserve the integrity of its proceedings, are symmetrical. They apply to default judgments against defendants as well as to dismissal against plaintiffs." (collecting cases)).

"The sanction of dismissal [or default judgment] is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted); *see Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d

5

811 (7th Cir. 2007) ("[A] default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing.").

### C. Analysis

Defendant Arabi has failed to appear at five separate court hearings. (*See* ECF 27, 41, 50, 58, 59). This alone warrants sanctions under Rule 16(f)(1)(A) up to and including entry of a default judgment against him. *See, e.g., Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994) (affirming entry of default judgment as a sanction for defendant's failure to appear at a scheduling conference and participate in the preparation of a pretrial order, in addition to other unexplained absences).

Further, Arabi's repeated failures to appear when ordered is contumacious conduct warranting the entry of a default judgment against him under the Court's inherent power to manage its own affairs to achieve the orderly and expeditious disposition of this case. *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1138-39 (7th Cir. 1987) (imposing a default judgment due to defendant's unexcused failure to appear for a hearing); *see generally Fuery v. City of Chi.*, 900 F.3d 450, 463 (7th Cir. 2018); *Ramirez*, 845 F.3d at 779-80.

And while "[a] district court is not required to fire a warning shot before imposing default," *Brake Plus, LLC v. Kinetech, LLC*, No. 1:14-cv-01415-TWP-MJD, 2015 WL 859368, at *2 (S.D. Ind. Feb. 27, 2015) (citation and quotation marks omitted), here the undersigned has explicitly warned Arabi in the Court's Notice and Order dated December 6, 2022, that he risked the entry of a default judgment against him if he failed to appear for court hearings. (ECF 42); *see Hal Commodity Cycles Mgmt. Co.*, 825 F.32d at 1139. Likewise, Fast Freight was explicitly warned in the Court's Notice and Order dated July 14, 2022, that it risked the entry of a default judgment against it if it failed to appear by counsel in this litigation. (ECF 29); *see Weintraub/Okun Music v. Atlantic Fish & Chips, Inc.*, No. 90 C 4938, 1991 WL 34713, at *2

(N.D. Ill. Mar. 13, 1991) ("In light of Atlantic's failure to appear through counsel despite warnings as to the consequences of its failure to do so, the Court finds the entry of a default judgment against Atlantic to be appropriate." (footnote omitted)); *see generally Am. United Life Ins. Co. v. Greer*, No. 2:13-CV-220 JVB, 2014 WL 6388613, at *2 (N.D. Ind. Nov. 14, 2014) ("In this case, 'due warning' was formalized in two Show Cause Orders, as well as in other written reminders to the defendants of their need to participate in the proceedings . . . .").

Accordingly, the undersigned Magistrate Judge finds the entry of a default judgment against Defendants Arabi and Fast Freight awarding the declaratory relief sought in the conclusion of the amended complaint, Declaration Nos. 1 through 5 (ECF 15 at 6-7), is warranted due to these Defendants' failure to appear and comply with Court Orders.[1]

### D. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that a default judgment as to Declaration Nos. 1 through 5 in the conclusion of the amended complaint (ECF 15 at 6-7) be entered against Defendants Arabi and Fast Freight pursuant to Federal Rules of Civil Procedure 16(f)(1) and the Court's inherent power to manage its own affairs as a result of these Defendants' repeated failure to appear at hearings in this action.

The Clerk is directed to send a copy of this Report and Recommendation to Defendants Arabi and Fast Freight (in care of Arabi, its principal) at Arabi's last known address and to counsel for the other parties. NOTICE IS HEREBY GIVEN that within fourteen days after being

---

[1] The Court acknowledges that if Arabi is no longer at his address of record, the two Notice and Orders were unlikely to reach him. However, he could have attempted to determine the status of this case by visiting the clerk's office (if he is not incarcerated), or by checking the online docket, in which case the Notice and Orders would have alerted him that he needed to take action before the harsh sanction of default judgment is imposed. Further, Arabi's lack of participation in this case is further demonstrated by his "failure to maintain contact with the Court, either by accepting mail sent to the address [he] provided or by updating [his] contact information." *Am. United Life Ins. Co.*, 2014 WL 6388613, at *2.

served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005) (unpublished); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 13th day of March 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge